NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES DOTTS,<br><br>**Plaintiff,**<br><br>v.<br><br>ALLEN S. STACY,<br><br>**Defendant.** | Civil Action No. 17-2057-BRM-LHG<br><br><br>MEMORANDUM OPINION |

Before this Court are: (1) a complaint asserting claims pursuant to 42 U.S.C. § 1983 (ECF No. 1); and (2) an application to proceed *in forma pauperis* (ECF No. 1-1) filed by Plaintiff James Dotts ("Plaintiff"), a prisoner in the Monmouth County Correctional Institution. For the reasons set forth below, Plaintiff's application to proceed *in forma pauperis* is **DENIED** without prejudice and therefore, the complaint will not be filed.

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

In this action, Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1), (2). Although Plaintiff provided an affidavit of indigence

accompanied by an institutional account statement, Plaintiff failed to have his account statement certified by the appropriate official at the facility in which he is imprisoned as required by § 1915(a)(2). Accordingly, Petitioner has failed to provide a complete *in forma pauperis* application, and his application is denied without prejudice.


Date: April 18, 2017
/s/*Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE