**<u>NOT FOR PUBLICATION</u>**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES DOTTS, | Civil Action No. 17-2057-BRM-LHG |
| Plaintiff, | |
| v. | **OPINION** |
| ALLEN S. STACY, | |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Complaint of *pro se* Plaintiff James L. Dotts ("Plaintiff") asserting claims pursuant to 42 U.S.C. § 1983, against Monmouth County Assistant Prosecutor S. Allen Stacy[1] ("Stacy"). (ECF No. 1.) Also before the Court is Plaintiff's second application for leave to proceed *in forma pauperis*.[2] (ECF No. 4.)

Having reviewed Plaintiff's application to proceed *in forma pauperis*, the accompanying affidavit, and certified account statement setting forth Plaintiff's financial status, the Court finds leave to proceed *in forma pauperis* is warranted. Accordingly, Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen the Complaint under 28 U.S.C. § 1915(e)(2)(B) and 1915A, and dismiss claims that are frivolous,

---

[1] Stacy is improperly pleaded as "Allen S. Stacy."
[2] Plaintiff initially filed an application to proceed *in forma pauperis* with his Complaint. (ECF No. 1-1.) Plaintiff's application was denied without prejudice for failure to provide a certified account statement as required by § 1915(a)(2). (ECF Nos. 2 and 3.)

malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

## I.   BACKGROUND[3]

Plaintiff alleges, on January 14, 2015,[4] Stacy "charged [him] with a crime [he] did not commit" despite the fact that Stacy "didn't have . . . probable cause." (ECF No. 1 at 6.) According to the Charge/Disposition Forms included with the Complaint, Plaintiff was charged with seven counts related to weapon possession, robbery, and burglary. (*Id.* at 8-14.) Plaintiff alleges he was incarcerated at the Monmouth County Correctional Institution but does not specify how long he was held. (*Id.*) This charge was apparently "no billed" by a grand jury and was therefore dismissed. (*Id.* at 4, 8-14.) Plaintiff contends Stacy violated his Fourth and Fifth Amendment rights by bringing charges without probable cause. (*Id.* at 6.) Plaintiff seeks money damages for the incarceration and "mental anguish, depression, deformation [sic] of character, pain and suffering" he endured. (*Id.*)

## II.   LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) (the "PLRA"), district courts must review the complaints in all civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee. *See* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28

---

[3] The following factual allegations are taken from Plaintiff's Complaint (ECF No. 1), and are assumed to be true for the purposes of this Opinion.

[4] Plaintiff's handwritten description incorrectly stated "January 14, 2014" as the date he was charged. However, attached to Plaintiff's Complaint are seven Charge/Disposition Forms listing the "Date of Offense" as January 14, 2015, which the Court presumes to be the correct date.

U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. This action is subject to *sua sponte* screening for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status and pursuant to 28 U.S.C. § 1915A(a) "seeks redress from a governmental . . . officer."

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)) (second alternation in original). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (emphasis added).

## III. DECISION

Plaintiff asserts a malicious prosecution claim against Stacy for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) ("Section 1983 provides private citizens with a means to redress violations of federal law committed by state individuals."). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

Plaintiff's claim lacks merit, because he only asserts the malicious prosecution claim against the county prosecutor, who is immune from liability under § 1983 for actions taken in

connection with initiating and pursuing criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). This form of prosecutorial immunity "encompasses prosecutors' activities in connection with preparing and filing charging documents." *LeBlanc*, 483 F. App'x at 669. Further, prosecutors enjoy absolute immunity for acts such as filing charges or an arrest warrant against a criminal defendant. *See Odd v. Malone*, 538 F.3d 202, 210 (3d Cir. 2008) (citing *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997)). Further, at common law, prosecutors enjoyed absolute immunity from suits for malicious prosecution. *Id.* (citing *Imbler*, 424 U.S. at 441 (White, J., concurring)). In this matter, Plaintiff brings claims against Stacy based solely upon his filing of charges against Plaintiff, for which Stacy is entitled to absolute immunity. *Id.* For the reasons set forth above, Plaintiff's complaint is **DISMISSED**.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** in its entirety. An appropriate order will follow.


Date: May 23, 2017

                                    */s/ Brian R. Martinotti*
                                    **HON. BRIAN R. MARTINOTTI**
                                    **UNITED STATES DISTRICT JUDGE**